**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARISA P., | No. 5:25-cv-02292-AYP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Marisa P.[1] seeks review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act.  (Dkt. No. 1.)  The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues.  (Dkt. Nos.  6, 9, 12, 14, 15.)  The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

consistent with this Order.

## I.        BACKGROUND

On November 25, 2022, Plaintiff applied for disability insurance benefits, claiming that she had been unable to work since September 22, 2021, due primarily to spinal impairments.  (Administrative Record ("AR") 18, 93.)  After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge ("ALJ").  (AR 93-98, 100-05.)  The ALJ conducted a hearing on August 1, 2024, at which Plaintiff appeared with counsel and testified. (AR 37-52.)  A vocational expert ("VE") also testified. (AR 52-57.)

On September 3, 2024, the ALJ issued a decision denying benefits.  (AR 15-34.)   Following the five-step sequential evaluation process applicable to disability determinations,[2] the ALJ found that Plaintiff had the following "severe" impairments: lumbar spine disorder with post laminectomy syndrome, cervical spine disorder with radiculopathy, hypertension, and headaches/migraines. (AR 20.)  The ALJ determined that Plaintiff nevertheless retained the residual functional capacity ("RFC") to perform light work with the following specific limitations: she would need the opportunity to change positions every 30 minutes for one to two minutes; could never climb ladders, ropes, or scaffolds; could not be exposed to dangerous work hazards; could occasionally perform postural activities; could occasionally reach overhead bilaterally; could have only occasional exposure to extreme heat and humidity; could not perform work involving a production-quota pace, such as an assembly-

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work.  20 C.F.R. § 404.1520(a)(4).

line environment where one worker's pace affects others down the line; and could be off task 3% of the workday due to momentary symptom distractions. (AR 23.)

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a sales attendant or cashier II.  (AR 28.)  At step five, relying on the VE's testimony, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including office helper, router, and escort vehicle driver.  (AR 29.)  As a result, the ALJ concluded that Plaintiff was not disabled during the relevant period, from her alleged onset date of September 22, 2021, through the date of the ALJ's decision, September 3, 2024.  (AR 30.)

On October 24, 2024, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision.  (AR 180-82.)  The Appeals Council subsequently denied Plaintiff's request for review.  (AR 1-6.)

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).  "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).   In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021).  When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision.  *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

### III.    DISCUSSION

Plaintiff contends that the ALJ improperly rejected the consultative examiner Jonathan Schwartz, M.D.'s opinion that Plaintiff could stand and/or walk for only four hours in an eight-hour workday. (Dkt. No. 12 at 8-15.)  As discussed below, the Court agrees.

Dr. Schwartz evaluated Plaintiff in November 2023 in connection with her disability claim.    (AR 1135-41.)    Although Plaintiff demonstrated intact sensation, full strength, and negative straight-leg raising, Dr. Schwartz also observed an antalgic gait, decreased muscle mass involving the left lower extremity, and decreased range of motion of the lumbar and cervical spine. (AR 1138-39.)  Dr. Schwartz diagnosed Plaintiff with back and neck pain secondary to degenerative changes of the spine, status post lumbar spine surgeries.  (AR 1139.)  Based on these examination findings, Dr. Schwartz opined that Plaintiff could perform a reduced range of light work, except that she could stand and/or walk for only four hours in an eight-hour workday and could stoop only occasionally.  (AR 1139-40.)

The ALJ found Dr. Schwartz's opinion only partially persuasive. (AR 27.) The ALJ accepted Dr. Schwartz's limitations to light work and only occasional stooping.  The ALJ found that these limitations were "well supported" by Dr. Schwartz's examination findings, including a mildly antalgic gait, decreased muscle mass in the left lower extremity, and decreased range of motion of the lumbar and cervical spine, but otherwise benign examination findings.  (*Id.*) However, the ALJ found that the same examination findings did not support Dr. Schwartz's opinion that Plaintiff could stand and/or walk for only four hours in an eight-hour workday.  The ALJ further found that the four-hour stand/walk limitation was inconsistent with more recent evidence showing normal gait and range of motion, mildly abnormal physical examination findings, and no

4

weakness. (*Id.*)

Because Plaintiff filed her claim after March 27, 2017, the ALJ was required to evaluate the persuasiveness of Dr. Schwartz's opinion using the factors set forth in 20 C.F.R. § 404.1520c. Under the revised regulations, supportability and consistency are the "most important factors" in evaluating medical opinion evidence. 20 C.F.R. § 404.1520c(b)(2). "Supportability" concerns the extent to which a medical source supports the opinion with objective medical evidence and supporting explanations, and "consistency" concerns how consistent the opinion is with evidence from other medical and nonmedical sources in the record. 20 C.F.R. § 404.1520c(c)(1)-(2). Although the revised regulations eliminated the requirement that ALJs defer to treating and examining physicians' opinions, an ALJ must still provide an explanation supported by substantial evidence when rejecting a medical opinion as unsupported or inconsistent with the record. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The ALJ's reasoning must be sufficiently specific to permit meaningful judicial review. *See id.*; *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

In this case, the ALJ did not adequately explain why Dr. Schwartz's examination findings supported limitations to light work and occasional stooping, but not Dr. Schwartz's additional limitation that Plaintiff could stand and/or walk for only four hours in an eight-hour workday. The ALJ acknowledged examination findings including a mildly antalgic gait, decreased muscle mass involving the left lower extremity, and decreased range of motion of the lumbar and cervical spine, yet concluded without further explanation that those same findings did not support the four-hour stand/walk limitation. (AR 27.) Under *Woods*, the ALJ was required to provide more than the conclusory

5

statement that the limitation "was not supported by this evidence." (*Id.*); *see Woods*, 32 F.4th at 792.

The ALJ also did not adequately explain the consistency finding underlying her rejection of Dr. Schwartz's four-hour stand/walk limitation. The longitudinal record reflected both abnormal and relatively benign findings relating to Plaintiff's lumbar impairment and ability to stand and walk. Treatment records documented lumbar degenerative disc disease and post-laminectomy syndrome following two lumbar spine surgeries, as well as epidural injections and ongoing treatment with Norco and morphine for chronic pain. (AR 370, 390-91, 440, 683, 715.) The record also reflected repeated findings of antalgic gait, painful lumbar and cervical range of motion, calf atrophy, absent ankle reflexes, altered sensation in the left foot, and intermittent lower extremity weakness. (AR 367, 391, 673, 715, 821, 835, 847, 874, 963, 1138-39.) And more recent records continued to document compensated or antalgic gait and painful lumbar range of motion. (AR 1153, 1173.) To be sure, the record also contained some benign findings, including normal strength, intact sensation, and some normal gait findings. (AR 386-87, 391, 808, 821, 835.) However, given this mixed record, the ALJ was required to more fully explain why Dr. Schwartz's four-hour stand/walk limitation was inconsistent with the evidence.[3] *See Woods*, 32 F.4th at 792; SSR 96-8p, 1996

---

[3] The Court further notes that several of the records that the ALJ cited in support of her inconsistency finding provide only limited support for the ALJ's conclusion that Dr. Schwartz's four-hour stand/walk limitation was inconsistent with the longitudinal record. For example, some of the cited records documented antalgic or compensated gait and painful cervical and lumbar range of motion testing. (AR 715, 874, 1153.) Another cited record reflected normal gait but continued to document moderate cervical pain and mild lumbar pain with motion. (AR 1173.) And the February 2024 record reflecting normal range of motion arose in the context of a wound evaluation rather than treatment for Plaintiff's spinal impairments. (AR 1254.)

6

WL 374184, at *7.

Moreover, the ALJ's error was not harmless.  If the ALJ had properly accounted for Dr. Schwartz's four-hour stand/walk limitation, Plaintiff could not perform the light occupations identified by the VE and relied upon by the ALJ at step five.  Nor has Defendant established that Plaintiff could nevertheless perform the remaining sedentary occupation of escort vehicle driver, which appears inconsistent with the RFC's requirement that Plaintiff have a position change opportunity every 30 minutes for one to two minutes.  Accordingly, the Court cannot conclude that the ALJ's error was harmless.  *See Garcia v. Comm'r of Soc. Sec. Admin.*, 768 F.3d 925, 932 (9th Cir. 2014); *see also Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).  Thus, remand is warranted.

## IV.     REMEDY

The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion.  *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014).  When there are outstanding issues that must be resolved before a disability determination can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if the evidence were properly evaluated, remand for further proceedings is appropriate.  *Id.*  In contrast, an immediate award of benefits is appropriate only where further proceedings would serve no useful purpose and the record has been fully developed.  *Id.*

Here, the Court finds that further administrative proceedings are warranted because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if Dr. Schwartz's opinion were properly evaluated. Although the record reflects significant lumbar impairments and related limitations, it also contains mixed objective findings, including intact strength, intact sensation, and normal gait at various examinations.  Accordingly, further

administrative proceedings would serve the useful purpose of allowing the ALJ to properly evaluate Dr. Schwartz's opinion and reassess Plaintiff's RFC and ability to perform work existing in significant numbers in the national economy.[4] *See Treichler*, 775 F.3d at 1101-05.

## V.     ORDER

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:   June 3, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

---

[4] Because remand is warranted on the ground discussed above, the Court need not reach Plaintiff's remaining claim of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).